UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                                  Chapter 7

Richard Martin Lewiston,                                Case No. 12-58599

    Debtor.                                         Hon. Phillip J. Shefferly
_____/

**ORDER GRANTING CHAPTER 7 TRUSTEE'S MOTION
FOR AUTHORITY TO TEMPORARILY OPERATE A BUSINESS
UNDER SECTIONS 105(a) AND 721 OF THE BANKRUPTCY CODE**

On April 3, 2014, the Chapter 7 Trustee filed a motion to approve a compromise under Fed. R. Bankr. P. 9019 ("Motion to Compromise") (ECF No. 274). On the same day, the Trustee also filed a motion for authority to temporarily operate a business ("Motion to Operate Business") (ECF No. 275). The Motion to Compromise requests authority to settle multiple pieces of litigation in this bankruptcy case relating, among other things, to Apartments at Cambridge Company, L.L.C. ("AAC"), a limited liability company that owns and manages a condominium development project in Canton, Michigan. The Motion to Compromise describes a settlement, pursuant to which AAC's condominium development project would be transferred to the Trustee, for disposition by the Trustee, with the proceeds to be distributed in accordance with a Term Sheet entered into on March 25, 2014 by the Trustee, AAC, and various other parties to the litigation that the Trustee proposes to settle. The Motion to Operate Business requests authority for the Trustee to operate the business of AAC in the event that the Court grants the Motion to Compromise.

Michael B. Lewiston and Leslie Lewiston Etterbeek each filed pro se responses to both motions. Both motions were scheduled to be heard on May 7, 2014. At the beginning of that hearing, all parties in attendance indicated that the Motion to Compromise should be heard first by the Court because the Motion to Operate Business is moot if the Court does not grant the Motion to Compromise. The Court agreed. After hearing lengthy arguments on the Motion to Compromise, the Court continued the hearing on both motions until May 14, 2014.

At the hearing on May 14, 2014, the parties informed the Court that Michael B. Lewiston had withdrawn his objections to both motions, but Leslie Lewiston Etterbeek had not withdrawn her objections. After hearing further arguments on the Motion to Compromise, the Court overruled Leslie Lewiston Etterbeek's objections and granted that motion. No separate arguments were made at the hearing on the Motion to Operate Business. Nor did the Court make an oral ruling on the Motion to Operate Business at the hearing. However, the Court does not believe that holding any further oral arguments on the Motion to Operate Business would benefit the decision making process with respect to such motion. Instead, the Court is entering this order to dispose of the Motion to Operate Business.

The Motion to Operate Business requests authority under §§ 105(a) and 721 of the Bankruptcy Code, for the Trustee to operate AAC's business, once such business is transferred to the Trustee until such time as the Trustee disposes of such business. Section 105(a) permits the Court to enter any order that is necessary or appropriate to the provisions of the Bankruptcy Code. Section 721 permits the Court to authorize a Chapter 7 trustee to operate the business of

the debtor for a limited period if such operation is in the best interest of the estate and consistent with the orderly liquidation of the estate.

AAC's business is not, in a technical sense, the business "of the debtor" because AAC is not the debtor in this bankruptcy case. However, upon the transfer of AAC's business and assets to the Trustee under the terms of the approved settlement, the Trustee will hold and administer such business and assets as property of this bankruptcy estate similar to what would occur if AAC's business and assets had been the business "of the debtor" at the commencement of the case. Whether the business that the Trustee proposes to operate under § 721 is a business "of the debtor" or some other business that has now become property of the debtor's bankruptcy estate, the relevant inquiry remains the same: is it in the best interest of the bankruptcy estate for a Chapter 7 trustee to be temporarily authorized to operate such business? If so, then § 105(a), in combination with § 721, permits the Court to enter an order authorizing the Trustee to temporarily operate AAC's business.

Based upon the Court's review of the Motion to Compromise, the objections and responses to the Motion to Compromise, and the entire record made on May 7, 2014 and May 14, 2014, the Court concludes that the Trustee should be authorized to operate the business of AAC upon the transfer of its business and assets to the Trustee pursuant to the Term Sheet. The Trustee's stated purpose for such temporary operation is to maximize the return on AAC's assets to provide the bankruptcy estate with the greatest possible recovery. The Trustee further states that the costs incurred in his operation of the business will not diminish the bankruptcy estate. No facts have been brought to the Court's attention to dispute the Trustee's statements.

The objection to the Motion to Operate Business filed by Leslie Lewiston Etterbeek essentially repeats the objection that she made to the Motion to Compromise, which the Court overruled on May 14, 2014. In sum, having now granted the Motion to Compromise, the Court finds that it is in the best interest of this estate, and it is consistent with the orderly liquidation of the assets of this estate, to grant the Motion to Operate Business. Accordingly,

**IT IS HEREBY ORDERED** that the Motion to Operate Business (ECF No. 275) is granted.

**IT IS FURTHER ORDERED** that the Trustee is authorized to temporarily operate the business of AAC from the date that the assets of AAC are assigned to the Trustee through consummation of a sale or disposition of such assets by the Trustee, or until further order of this Court.

**IT IS FURTHER ORDERED** that the Trustee must comply with the requirements of § 704(a)(8) of the Bankruptcy Code, and any other reporting requirements of the United States Trustee.

.

**Signed on May 16, 2014**

       /s/ Phillip J. Shefferly
       **Phillip J. Shefferly**
       **United States Bankruptcy Judge**