UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                                    Chapter 7

Richard Martin Lewiston,                                  Case No. 12-58599

    Debtor.                                           Hon. Phillip J. Shefferly

_____/

**ORDER REGARDING ISSUE OF WHETHER
DEBTOR'S INTEREST IN THE LOIS AND RICHARD
LEWISTON LIVING TRUST IS PROPERTY OF THE BANKRUPTCY ESTATE**

    The Court is entering this order to address an issue that surfaced during a hearing on September 19, 2014, on an objection filed by the Chapter 7 Trustee ("Trustee") to exemptions claimed by the Debtor on his schedule C. The background is as follows.

    On August 13, 2012, the Debtor filed this Chapter 7 case. On August 27, 2012, the Debtor filed a schedule C (ECF No. 40) claiming exemptions in certain described properties. From time to time since then, the Trustee and the Debtor agreed to extend the time for the Trustee to object to the Debtor's exemptions. On July 31, 2014, the Trustee filed an objection (ECF No. 385) to two of the Debtor's exemptions: (i) the Debtor's interest in Lewiston/Etterbeek Associates, L.L.C. ("Membership Interest"); and (ii) the Debtor's interest in the Lois and Richard Lewiston Living Trust dated September 10, 1986 ("Trust"). On the Debtor's schedule C, in the place requiring the Debtor to "Specify Law Providing Each Exemption," the Debtor listed the following: Mich. Comp. Laws § 557.151, Mich. Comp. Laws § 600.5451(1)(o), and Zavradinos v. JTRB, Inc., 753 N.W.2d 60 (Mich. 2008). The Trustee's objection argued that

the legal authorities cited by the Debtor do not support the two exemptions claimed. On August 18, 2014, the Debtor filed a response (ECF No. 430). On September 19, 2014, the Court held a hearing. The Court made an oral ruling sustaining the Trustee's objection to the Debtor's claimed exemptions in both the Membership Interest and the Trust. On October 8, 2014, the Court entered an order (ECF No. 477) memorializing the Court's ruling.

The reason for this order is that the Trustee's objection also raised another, separate issue. Specifically, in addition to objecting to the Debtor's exemptions based upon the authorities cited by the Debtor, the Trustee's objection asserted that the Debtor's interest in the Trust is not excluded from property of this bankruptcy estate by § 541(c)(2) of the Bankruptcy Code. The Trustee made this assertion because the Debtor's schedule C, although purporting to claim an exemption in his interest in the Trust, also stated in the description of the Trust that it was "not property of the Estate, pursuant to, *inter alia,* 11 U.S.C. § 541(c)(2)." The Debtor's response to the Trustee's objection directly addressed the Trustee's arguments regarding the two exemptions at issue, but did not address the Trustee's assertion that the Debtor's interest in the Trust is not excluded from property of the estate under § 541(c)(2) of the Bankruptcy Code. When the Court made its oral ruling on the Trustee's objection to the Debtor's exemptions at the conclusion of the hearing on September 19, 2014, the Court expressly stated that it was not ruling at that time one way or the other on the Trustee's assertion that the Debtor's interest in the Trust is property of the bankruptcy estate. Instead, the Court indicated to the parties that it would take this issue under advisement.

The Court has now had an opportunity to reflect on the § 541(c)(2) issue raised by the Trustee's assertion that the Debtor's interest in the Trust is property of the bankruptcy estate. Upon reflection, the Court concludes that it would be improper for the Court to make any ruling on the merits of this assertion at this time in the present procedural posture of this case for the following reasons.

Fed. R. Bankr. P. 4003(b) provides the procedure for objecting to exemptions, but that is all that it does. It does not provide a procedure to obtain a declaration from the Court as to what is or is not property of the bankruptcy estate. The Trustee's objection to exemptions, which the Court heard and ruled upon on September 19, 2014, was properly brought under Fed. R. Bankr. P. 4003(b), based upon the Trustee's disagreement with the legal authorities cited by the Debtor on his schedule C supporting his claim of exemptions in the Membership Interest and the Trust. But that objection does not entitle the Trustee to a declaration as to whether the Debtor's interest in the Trust is or is not property of the bankruptcy estate under § 541(c)(2) of the Bankruptcy Code.

Fed. R. Bankr. P. 7001 requires an adversary proceeding to be brought to obtain certain specified types of relief. Fed. R. Bankr. P. 7001(2) states that a proceeding to determine the validity, priority, or extent of an interest in property requires an adversary proceeding. Fed. R. Bankr. P. 7001(9) states that a proceeding to obtain a declaratory judgment relating to the validity, priority, or extent of an interest in property requires an adversary proceeding. A request for a determination that the Debtor's interest in the Trust is property of this bankruptcy estate is within Fed. R. Bankr. P. 7001(2) and (9) and requires an adversary proceeding.

In sum, the issue of whether or not the Debtor's interest in the Trust is or is not property of the bankruptcy estate under § 541(c)(2) is not properly joined for disposition by the Court. The Court's ruling on the Trustee's objection adjudicated only whether the Debtor is entitled to claim the exemptions on his schedule C in the Membership Interest and the Trust based upon the legal authorities that he cited in his schedule C. The Court's ruling on the Trustee's objection is without prejudice to the Debtor's right to claim that his interest in the Trust is not property of the estate, and without prejudice to the Trustee's right to assert that the Debtor's interest in the Trust is property of the estate. But this issue can only be properly joined by means of an adversary proceeding filed either by the Trustee or by the Debtor seeking a declaration as to whether such interest is or is not property of the bankruptcy estate. Unless and until such an adversary proceeding is filed, the Court expresses no view about the merits of this issue.

**IT IS SO ORDERED.**

.

**Signed on October 22, 2014**

                                            **/s/ Phillip J. Shefferly**
                                            **Phillip J. Shefferly**
                                            **United States Bankruptcy Judge**